**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**MELISSA DAVIS AND LEEVEL YARBROUGH**                          **PLAINTIFFS**

**V.**                                            **CIVIL ACTION NO. 1:08-CV-249-SA-JAD**

**LOUISVILLE MUNICIPAL SCHOOL DISTRICT, et al.**                  **DEFENDANTS**

**ORDER**

Plaintiffs Melissa Davis and Leevel Yarbrough filed their Complaint on October 16, 2008.[1] Defendants subsequently filed their Motions for Summary Judgment on November 13, 2009, which the Court granted. Plaintiffs have filed a Motion for Reconsideration [65, 66, 67]. For the reasons stated below, the motion is denied.

The Federal Rules of Civil Procedure do not specifically provide for a motion for reconsideration, but the Fifth Circuit Court of Appeals has held that a district court may entertain such a motion and treat it as a motion to alter or amend under Rule 59(e) or as a motion for relief from judgment under Rule 60(b). Shepherd v. Int'l Paper Co., 372 F.3d 326, 328 n. 1 (5th Cir. 2004); Ellis v. Miss. Dep't of Health, 2009 U.S. Dist. LEXIS 11441, *2 (N.D. Miss. Feb. 5, 2009), affirmed, 344 Fed. Appx. 43 (5th Cir. 2009); Williamson Pounders Architects, P.C. v. Tunica County, 2008 U.S. Dist. LEXIS 55145, *2 (N.D. Miss. July 21, 2008), affirmed, 2010 U.S. App. LEXIS 2738, *2 (5th Cir. Feb. 9, 2010). "If the motion for reconsideration is filed and served within ten days of the judgment or order of which the party complains, it is considered a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion." Shepherd, 372 F.3d at 328 n.1.

---

[1] The factual background of each Plaintiff's case is related in prior opinions of the Court. See Davis v. Louisville Mun. Sch. Dist., 2010 U.S. Dist. LEXIS 1974 (N.D. Miss. Jan. 11, 2010) (addressing motion for summary judgment as to claims of Melissa Davis); Davis v. Louisville Mun. Sch. Dist., 2010 U.S. Dist. LEXIS 3921 (N.D. Miss. Jan. 15, 2010) (addressing motion for summary judgment as to claims of Leevel Yarbrough).

This Court entered orders on Defendants' motions for summary judgment on January 11, 2010, and January 15, 2010. Plaintiffs filed their Motion for Reconsideration on January 21, 2010, within ten days of the Court's orders. Therefore, the Court will apply the standard applicable to motions under Rule 59(e).

Federal Rule of Civil Procedure 59(e) grants the Court the power to alter or amend its judgment. FED. R. CIV. P. 59(e). Rule 59(e) "serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence and is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." Knight v. Kellogg Brown & Root Inc., 333 Fed. Appx. 1, 8 (5th Cir. 2009) (citing Templet v. HydroChem Inc., 367 F.3d 473, 478-79 (5th Cir. 2004)) (punctuation omitted); see also Nationalist Movement v. Town of Jena, 321 Fed. Appx. 359, 364 (5th Cir. 2009) ("Motions for reconsideration should not be used to raise arguments that could have been made before the entry of judgment or to re-urge matters that have already been advanced by a party.") (citing Waltman v. Int'l Paper Co., 875 F.2d 468, 473-74 (5th Cir. 1989)).

The federal courts of this state recognize three potential grounds for the Court to alter or amend a judgment under Rule 59(e): "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." Williamson Pounders Architects, P.C., 2008 U.S. Dist. LEXIS 87680 at *4; see also Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990). This Court has considerable discretion in deciding whether to grant a motion for reconsideration. Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 355 (5th Cir. 1993). Granting a motion for reconsideration, however, is "an extraordinary remedy and should be used sparingly." In re

2

Pequeno, 240 Fed. Appx. 634, 636 (5th Cir. 2007) (citations omitted).

Plaintiffs filed a memorandum of law in support of their Motion for Reconsideration which contains no new argument, facts, or law. Indeed, Plaintiffs' briefing on their Motion for Reconsideration appears to be virtually identical to their briefing on Defendants' Motions for Summary Judgment. A Rule 59(e) motion "should not be used . . . to re-urge matters that have already been advanced by a party." Nationalist Movement, 321 Fed. Appx. at 364. As Plaintiffs have not cited an intervening change in controlling law or presented any new evidence, the Court assumes that Plaintiffs have brought the present motion to "correct a clear error of law or prevent manifest injustice." Atkins, 130 F.R.D. at 626. However, "the Court cautions that any litigant considering bringing a motion to reconsider based upon that ground should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant." Id. The Court has already addressed each argument put forth by Plaintiffs in this matter, and Plaintiffs have failed to point to any error in the Court's reasoning. Accordingly, Plaintiffs' Motion for Reconsideration is denied.

So ordered on this, the 22nd day of March, 2010.

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**